UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA BENTON,

    Plaintiff,

v.                                        CASE NO. 8:18-cv-2646-T-02AAS

AUTO APPROVAL, INC.,

    Defendant.
_____/

## O R D E R

Before the Court is Defendant's Motion to Dismiss and Compel Arbitration (Dkt. 8), and Plaintiff's Response (Dkt. 9). After careful consideration of the arbitration agreement (Dkt. 8-1) and the entire file, the Court compels arbitration.

Plaintiff bought a used SUV from Defendant in December 2017. Dkt. 1 ¶ 14. She signed a retail installment contract to finance the purchase. Dkt. 1 ¶ 14. The "Amount Financed" according to the Truth-in-Lending disclosures was $8,193.60. Dkt. 1 ¶ 18; Dkt. 1-1 at 2. Some of the down payment was deferred in four separate payments. Dkt. 1 ¶ 17. Plaintiff claims all four deferred payments should have been included in the amount financed and shown in the payment schedule. Plaintiff now sues Defendant for violations of 15 U.S.C. § 1638(a)(2) of

the Truth-in-Lending Act, Regulation Z, and 12 C.F.R. 226.18(b) by disclosing an inaccurate amount financed in the sales contract.

Defendant attaches to its motion an arbitration agreement signed by Plaintiff at the time of the purchase. Dkt. 8 at 4-7. By its terms, any claims "arising from or relating to . . . any and all past, present, and future transactions and agreements between [Plaintiff] and [Defendant] in which [Defendant is] or may become obligated to [Plaintiff] and all related documents" must be arbitrated at either party's election. Dkt. 8 at 4, 5. Plaintiff is not opposed to Defendant's exercise of its right to request arbitration. Dkt. 9 at 2.

Pursuant to *Bender v. A.G. Edward & Sons, Inc.*, 971 F.2d 698 (11th Cir. 1992), this Court has no authority to dismiss Plaintiff's claims. In *Bender*, the Eleventh Circuit stated that although the district court properly determined that the claims were subject to arbitration, it "erred in dismissing the claims rather than staying them." *Id*. at 699.[1]

---

[1] "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which the suit is pending, . . .shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . ." 9 U.S.C. § 3. Other judges in this district abide by *Bender*. *See*, *e.g.*, *Giraud v. Woof Gang Bakery*, No. 8:17-cv-2442-T-26AEP, 2018 WL 2057814, at *2 (M.D. Fla. May 3, 2018); *Craig v. Total Quality Logistics, LLC*, No. 8:16-cv-2970-T-24AEP, 2017 WL 1533840, at *3 (M.D. Fla. Jan. 30, 2017).

**ACCORDINGLY**, Defendant's Motion to Compel Arbitration (Dkt. 8) is granted. The request for attorney's fees is denied. All proceedings in this case are stayed pending the outcome of arbitration. The parties shall proceed to arbitration in accord with the parties' agreement. The parties shall notify this Court upon resolution of the claims in the arbitration proceeding. The Clerk is directed to administratively close this case pending arbitration.

**DONE AND ORDERED** at Tampa, Florida, on December 12, 2018.

        s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record